ORIGINAL

FLORENCE T. NAKAKUNI    2286
United States Attorney
District of Hawaii

HARRY YEE   3790
Assistant United States Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-3752
E-mail:  Harry.Yee@usdoj.gov

Attorneys for Petitioner
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 13 2013

at __4__ o'clock and __05__ min. __P__ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Petitioner,<br><br>  v.<br><br>ALAN YUGAWA,<br><br>            Respondent. | CIVIL CV13 00230 JMS KSC<br><br>PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS; DECLARATION OF REVENUE OFFICER VENICE HOCHMAN; EXHIBIT A |

**PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONS**

The United States of America, through undersigned counsel, hereby petitions this Court for an order enforcing the Internal Revenue Service (hereinafter referred to as "IRS") administrative summons served on Respondent Norman H. Alan Yugawa, and alleges as follows:

1. This proceeding is brought at the request of the Chief Counsel, IRS, a delegate of the Secretary of the Treasury,

and at the direction of the Attorney General of the United States.

2. Jurisdiction over this matter is conferred upon this Court pursuant to I.R.C. (26 U.S.C.) §§ 7402(b) and 7604(b) and 28 U.S.C. §§ 1340 and 1345.

3. The proper venue in this matter is the District of Hawaii as the Respondent resides in or may be found within the boundaries of this district.

4. Venice Hochman is a Revenue Officer employed in the Small Business/Self-Employed Division of the IRS and is authorized to issue IRS administrative summonses pursuant to I.R.C. § 7602, 26 C.F.R. § 301.7602-1, and IRS Delegation Order No. 4 (as revised). (Declaration of Revenue Officer Venice Hochman (hereinafter referred to as "Decl.") at ¶ 1).

5. Revenue Officer Venice Hochman is conducting an examination to determine Alan Yugawa's tax liability for the calendar year 2011. (Decl. at ¶ 2).

6. Pursuant to this investigation, on March 8, 2013, Revenue Officer Hochman issued an administrative summons to the Respondent. The summons directed the Respondent to appear on March 19, 2013, to give testimony and produce for examination certain books, records, papers, and other data as described in the summons. (Decl. at ¶ 4 and Exhibit A).

7. Revenue Officer Hochman served the summons on the Respondent on March 8, 2013, by leaving a copy of the summons

attached to the door of Mr. Yugawa's last and usual place of abode. (Decl. at ¶ 5 and Exhibit A).

8. At the designated date and time of appearance for compliance with the summons, Respondent appeared but did not produce for examination certain books, records, papers, and other data for the calendar year 2011 as described in the summons. Respondent's refusal to satisfy the requirements of the summons continues. (Decl. at ¶ 6).

9. The books, records, papers, and other data sought by the summons are not in the possession of the IRS. (Decl. at ¶ 7).

10. All administrative steps required by the Internal Revenue Code for the issuance of the IRS summons have been followed. (Decl. at ¶ 8).

11. The testimony, books, records, papers, and other data sought by the summons may be relevant to the determination of Alan Yugawa's federal income tax liability for the calendar year 2011. (Decl. at ¶ 9).

12. In order to obtain enforcement of a summons, the Petitioner must establish that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the Internal Revenue Code. <u>United States v. Powell</u>, 379 U.S. 48, 57-58, (1964). The Petitioner's burden of

satisfying the Powell requirements is a "slight one" that can be met merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts. United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993); United States v. Gilleran, 992 F.2d 232, 233 (9th Cir. 1993); Crystal v. United States, 172 F.3d 1141, 1144 (9th Cir. 1999).

13. In further support of this Petition and incorporated herein by reference herein, the United States submits the Declaration of Revenue Officer Venice Hochman and the attached exhibit. The Petitioner has met the Powell factors through these documents.

WHEREFORE, Petitioner United States of America respectfully prays as follows:

A. That this Court enter an order directing Respondent to show cause in writing, if any, why he should not comply with and obey the aforementioned IRS administrative summons and every requirement thereof as enumerated in the Declaration of Revenue Officer Venice Hochman;

B. That this Court enter an order directing Respondent to fully obey the aforementioned summons and each requirement thereof as enumerated in the Declaration of Revenue Officer Venice Hochman, by ordering the attendance, testimony, and production required and called for by the terms of the summons, before Revenue Officer Venice Hochman, or any other proper officer or employee of the IRS, at such time and place as may be

set by Revenue Officer Hochman or any other proper officer or employee of the IRS;

    C.    That the United States recover its costs incurred in maintaining this action; and

    D.    That the Court grant such other and further relief as the Court deems just and proper.

DATED: _____MAY 13 2013_____, Honolulu, Hawaii.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

By: /s/ Harry Yee
HARRY YEE
Assistant U.S. Attorney

Attorneys for Petitioner
UNITED STATES OF AMERICA